## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**ROBERT JOSEPH DERBY,**

**Defendant.**                                              No. 08-30080-DRH

### ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's motion for reduction of sentence (Doc. 32). Specifically, defendant contends that he is entitled to a reduction in his sentence because of the November 1, 2010 amendment to the United States Sentencing Guideline Section 4A1.1, specifically Amendment 742. Based on the following, the Court dismisses the motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). 18 U.S.C. § 3582 defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(C)(1)(B). Section 3582(c)(2) provides:

in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added); *see United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999).

The Court finds that defendant is not entitled to relief under § 3582(c)(2). None of the bases set forth in section 3582 for modification of a sentence is applicable here. Section 1.B1.10 of the United States Sentencing Guidelines is the relevant "policy statement" here. That section specifically and exhaustively lists the amendments whose retroactive application under section 3582(c)(2) is authorized. *See* U.S.S.G. §1B1.10(c). It further provides that, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." U.S.S.G. § 1B1.10(a).

As stated earlier, defendant is referring to Amendment 742, which amended U.S.S.G. § 4A1.1 and went into effect on November 1, 2010 (after defendant's October 6, 2008 sentencing). Amendment 742 does not apply retroactively pursuant to section § 3582 because it is not included in section 1B1.10(c)'s list of retroactively applicable amendments. Therefore, this Court is without jurisdiction to entertain defendant's motion and neither 18 U.S.C. § 3582 nor the amended U.S.S.G. § 4A1.1 provides any basis for the requested modification of

defendant's sentence. *See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993)(declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d)).

Accordingly, the Court dismisses for lack of jurisdiction defendant's motion for reduction of sentence (Doc. 32).

The Court notes that even if defendant would have filed this as a civil case under 28 U.S.C. § 2241 (he references the statute in his pleading), which is the appropriate avenue to attempt to remedy a matter such as this, the defendant would surely fail since the amendment in question was not made retroactive based on the same reasoning set out above. That is not to say the Court is discouraging defendant from filing but if he does so, defendant will incur the filing fee, even if given an order to pay it over time. Further, the Court is bound to consider any argument the defendant, whom would in such a case be a petitioner, has as to why the amendment is retroactive despite what the commission says before ruling.

**IT IS SO ORDERED.**

Signed this 13th day of May, 2011.

David R. Herndon
2011.05.13
22:28:31 -05'00'

**Chief Judge**
**United States District Court**